# EXHIBIT B

2/8/2022 3:15 PM
Marilyn Burgess - District Clerk Harris County
~~AFFIDAVIT ATTACHED~~ Envelope No. 61553669
By: LISA COOPER
Filed: 2/8/2022 3:15 PM

CAUSE NO. 202202584

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 910449   TRACKING NO: 73961156
EML

| | |
|---|---|
| Plaintiff: | In The 157th |
| LOPEZ, MARBELIA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| HOME DEPOT USA INC | Houston, Texas |

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

**To:**   **HOME DEPOT USA INC (A DELAWARE CORPORATION) MAY BE SERVED WITH PROCESS BY
SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFFS ORIGINAL PETITION REQUEST FOR JURY TRIAL AND REQUEST FOR
DISCLOSURE

This instrument was filed on January 14, 2022 in the above cited cause number and court. The instrument attached describes
the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after
you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer
with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally
must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 14, 2022, under my hand and seal of said court.

Issued at the request of:

HICKS, JAMAL JARRARD
530 LOVETT BLVD
HOUSTON, TX 77006
713-942-9600
Bar Number: 24106093

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:JOSHUA HALL

Tracking Number: 73961156

EML

**CAUSE NUMBER: 202202584**

| | |
|---|---|
| PLAINTIFF: LOPEZ, MARBELIA | In the 157th |
| vs. | Judicial District Court of |
| DEFENDANT: HOME DEPOT USA INC | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
            Affiant                                      Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

CAUSE NO. 2022-02584

| | | |
|---|---|---|
| MARBELIA LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT USA, INC. | § | |
| | § | |
| *Defendant.* | § | 157th JUDICIAL DISTRICT |

## AFFIDAVIT OF ALTERNATIVE SERVICE

## STATE OF TEXAS
## COUNTY OF HARRIS

       I, the undersigned, individually, make the following representations to the Judge of the said court, to induce her/him to enter an order authorizing me to serve citations and/or other notices issued from his/her court or to confirm to the provisions of a blanket order pursuant to Rule 103 Texas Rules of Civil Procedure.  All representations are true and correct to my personal knowledge.

1.     I am not less than 18 years of age
2.     I am an individual residing in the State of Texas.
3.     I am not a party and will not be interested in the outcome of any case in which I request the Court to authorize service by myself.
4.     I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.
5.     I have studied and am familiar with this the TEXAS RULE OF CIVIL PROCEDURE, VERNONS TEXAS CIVIL STATUES, CIVIL PRACTICE AND REMEDIES CODE and all applicable rules and statues relating to service of citation and/or notices.


Before me, the undersigned authority, personally appeared Collin Wellman, who swore under oath that the following facts are true and correct:

My name is Collin Wellman.  I am a private process server authorized by the Supreme Court of Texas.  I am an agent of Bay Oaks Process. My business address is 1002 Gemini Avenue, Houston, Texas 77058.

On January 17, 2022 at 9:57 A.M. I received a Citation with attached Plaintiff's Original Petition, Request for Jury Trial, and Request for Disclosure to be delivered to **HOME DEPOT USA INC (A DELAWARE CORPORATION) IT'S REGISTERED AGENT CORPORATION SERVICE COMPANY AT 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701.**

1.      On January 18, 2022 4:30 P.M.  I mailed by **CERTIFIED MAIL RETURN RECEIPT REQUEST** a true and correct copy of the above documents to **HOME DEPOT USA INC (A DELAWARE CORPORATION) IT'S REGISTERED AGENT CORPORATION SERVICE COMPANY AT 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701.**

2.    The above documents were **delivered on January 21, 2022.**

3.    Green card was **RETURNED SIGNED ON FEBRUARY 8, 2022.**

4.    See attached certified mail receipt, USPS receipt.

Collin Wellman PSC# 16156
Expires 03/31/2023

**SWORN TO AND SUBSCRIBED BEFORE ME,** the undersigned Notary Public.   On the ___8___ day of _Febrvary_____, 2022 to attest witness my hand and seal of office.

DEVIN REID BURDG
Notary Public, State of Texas
Comm. Expires 02-24-2024
Notary ID 132372305

**NOTARY PUBLIC**



**UNITED STATES POSTAL SERVICE.**

NASSAU BAY
18214 UPPER BAY RD
HOUSTON, TX 77058-9998
(800)275-8777

01/18/2022                    04:30 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® 2-Day 1 | | | $8.95 |
| Flat Rate Env | | | |
| Austin, TX 78701 | | | |
| Flat Rate | | | |
| Expected Delivery Date | | | |
| Fri 01/21/2022 | | | |
| Certified Mail® | | | $3.75 |
| Tracking #: | | | |
| 70203160000151116846 | | | |
| Return Receipt | | | $3.05 |
| Tracking #: | | | |
| 9590 9402 6304 0274 1951 39 | | | |
| Total | | | $15.75 |

Grand Total:                          $15.75

Credit Card Remitted                  $15.75
    Card Name: VISA
    Account #: XXXXXXXXXXXX1858
    Approval #: 612879
    Transaction #: 070
    AID: A0000000980840          Chip
    AL: US DEBIT
    PIN: Not Required

************************************
USPS is experiencing unprecedented volume
    increases and limited employee
    availability due to the impacts of
COVID-19. We appreciate your patience.
************************************

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

AUSTIN, TX 78704   OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.75 |
| | $1.05 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $____ |
| ☐ Return Receipt (electronic) | $____ |
| ☐ Certified Mail Restricted Delivery | $____ |
| ☐ Adult Signature Required | $____ |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $6.95 |
| Total Postage and Fees | $15.75 |

Postmark
Here
01/18/2022

Sent To  Home Depot USA Inc. Corporation Service Company
Street and Apt. No., or PO Box No.  211 E 7th St, Suite 620
City, State, ZIP+4®  Austin, TX 78701

PS Form 3800, April 2015 7530-02-000-9047   See Reverse for Instructions

7020 3160 0001 5111 6846

---

### SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Home Depot USA Inc
Corporation Service Company
211 E 7th St, Suite 620
Austin, TX 78701

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6304 0274 1951 39

2. Article Number *(Transfer from service label)*
7020 3160 0001 5111 6846

### COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  Viva Tejas Logistics (AACM)   ☐ Agent
                                  ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
   Carlos Mendoz           JAN 21 2012

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt

2/8/22, 1:52 PM                                    USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs ›

## Track Another Package  +

**Tracking Number:** 9590940263040274195139

Remove ✕

Your item has been delivered and is available at a PO Box at 9:05 am on February 5, 2022 in PASADENA, TX 77508.

**USPS Tracking Plus™ Available** ⌄

## ✓ Delivered, PO Box

February 5, 2022 at 9:05 am
PASADENA, TX 77508

**Get Updates** ⌄

---

**Text & Email Updates**                                                      ⌄

---

**Tracking History**                                                          ⌃

**February 5, 2022, 9:05 am**
Delivered, PO Box
PASADENA, TX 77508
Your item has been delivered and is available at a PO Box at 9:05 am on February 5, 2022 in PASADENA, TX 77508.

**January 29, 2022, 3:29 pm**
Departed USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

USPS.com® - USPS Tracking® Results

**January 26, 2022, 8:07 pm**
Arrived at USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER


**January 18, 2022, 4:28 pm**
Return Receipt Associated

---

**USPS Tracking Plus™**                                                            ⌄

**Product Information**                                                            ⌄

---

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70203160000151116846

Remove ✕

Your item was picked up at a postal facility at 9:27 am on January 20, 2022 in AUSTIN, TX 78701.

USPS Tracking Plus™ Available ∨

## ⊘ Delivered, Individual Picked Up at Postal Facility

January 20, 2022 at 9:27 am
AUSTIN, TX 78701

Feedback

Get Updates ∨

---

Text & Email Updates                                                      ∨

---

Tracking History                                                          ∧

**January 20, 2022, 9:27 am**
Delivered, Individual Picked Up at Postal Facility
AUSTIN, TX 78701
Your item was picked up at a postal facility at 9:27 am on January 20, 2022 in AUSTIN, TX 78701.

**January 20, 2022, 6:10 am**
Out for Delivery
AUSTIN, TX 78701

**January 20, 2022, 5:14 am**
Arrived at Post Office

AUSTIN, TX 78744

January 19, 2022, 10:22 pm
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

January 19, 2022, 8:48 pm
Arrived at USPS Regional Destination Facility
AUSTIN TX DISTRIBUTION CENTER

January 19, 2022
In Transit to Next Facility

January 18, 2022, 8:28 pm
Arrived at USPS Regional Origin Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

January 18, 2022, 4:28 pm
USPS in possession of item
HOUSTON, TX 77058

Feedback

USPS Tracking Plus™                                              ∨

Product Information                                              ∨

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

## FAQs

1/14/2022 10:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60825969
By: Joshua Hall
Filed: 1/14/2022 10:46 AM

# 2022-02584 / Court: 157

## CAUSE NO. _____

| | | |
|---|---|---|
| MARBELIA LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT USA, INC. | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR JURY TRIAL, AND REQUEST FOR DISCLOURE

**TO THE HONORABLE JUDGE OF SAID DISTRICT COURT:**

Plaintiff, Marbelia Lopez, files her Original Petition, Request for Jury Trial, and Request for Disclosure and complains about the conduct of Defendant Home Depot USA, Inc. for the following reasons:

## I.

## DISCOVERY CONTROL PLAN

1.1    Plaintiff's claims and causes of action against the defendant are being filed under a Level 2 Discovery Plan pursuant to TEX. R. Civ. P. 190.3, or pursuant to a case management order issued by this Court. Plaintiff's damages are more than $200,000.00 but not more than $1,000,000.00

## II.

## PARTIES

Page **1** of **6**

2.1    Plaintiff Marbelia Lopez is an individual who resides in Houston, Harris County, Texas.

2.2    Defendant Home Depot USA, Inc. is a Delaware corporation doing business in Texas. Defendant may be served with process by serving its registered agent in Texas, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### III.

### JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in Harris County, Texas. A substantial part or all of the events giving rise to this suit occurred in Harris County. *See* Tex. Civ. Prac. & Rem. Code §15.002, et seq. The claims asserted herein are all within the jurisdictional limits of the Court, and all conditions precedent to bring this suit have occurred and/or been performed by Plaintiff.

### IV.

### NOTICE FACTS

4.1    On or about July 26, 2021, Plaintiff, acting in her capacity as an invitee, was shopping for a flower pot at the Home Depot store #6558 located at 8400 Westheimer Road, Houston, Texas 77063 (hereinafter "Home Depot"). While walking down an aisle in the Garden Center of Home Depot, she slipped on an unknown foreign substance that was present on the slick concrete floor, thereby constituting an unreasonably dangerous and defective condition of the premises, and violently fell to the concrete floor, resulting in several serious lingering injuries. Plaintiff did not see the unknown foreign substance prior to slipping on it and was not aware of the dangerous and defective condition prior to her violent fall. There were no warning signs present or any other signs of caution in the area where the incident occurred. Defendant did not even offer any medical assistance as they observed Plaintiff sitting on the ground in pain as

the result of her violent fall.

4.2     Home Depot, at all times pertinent herein, was owned and/or operated by
Defendant. The presence of the unknown foreign substance constituted an unreasonably
dangerous condition that Defendant caused, knew about, or, in the exercise of reasonable care,
should have been aware of. Defendant's failure to remedy this unreasonably dangerous
condition, or, in the alternative, warn Plaintiff of same, constituted negligence and was a
proximate cause of the occurrence in question, as well as the resulting injuries to Plaintiff. The
incident described herein was not caused by any fault on behalf of Plaintiff.

**V.**

**<u>CAUSE OF ACTION – PREMISES LIABILITY</u>**

5.1     At all times relevant to this suit, Defendant had control of the premises on which
Plaintiff's injuries occurred because, at the time said injuries occurred, Defendant was the owner
of the premises or lessee of the premises and had the exclusive right to control the property on
which Plaintiff was injured.

5.2     Plaintiff was a business invitee at the time the incident complained of herein
occurred. Plaintiff, at the implied invitation of Defendant, was on Defendant's premises for the
mutual benefit of herself and Defendant (to purchase a flower pot). Defendant also extended an
open invitation to the public, including Plaintiff, to enter the premises.

5.3     Because Plaintiff was a business invitee at the time of the injury, Defendant owed
her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect
the premises to discover any defects, and give an adequate warning of any dangers, dangerous
defects, or conditions. Defendant knew or, in the exercise of ordinary care, should have known
of the unreasonable risk of harm to invitees on the occasion in question and failed to exercise

Page **3** of **6**

reasonable care to prevent or eliminate the risk of Plaintiff's injuries. Defendant was negligent in the following respects:

a. Failing to maintain the premises in a reasonably safe condition;

b. Creating the unreasonably dangerous condition;

c. Failing to properly inspect and maintain the flooring area and aisle in question to discover the dangerous condition;

d. Failing to maintain the floor and aisle in a reasonably safe condition;

e. Failing to remove the unknown foreign substance that caused the slip and fall

f. Failing to discover and remove the defective condition within a reasonable time;

g. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area and aisle;

h. Failing to warn invitees on the premises, including Plaintiff, of the dangerous condition which was known or should have been known to Defendant;

i. Failing to exercise ordinary care to eliminate or reduce the risk of harm of the dangerous condition; and

j. Other acts deemed negligent.

## VI.

## DAMAGES

6.1     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has incurred medical expenses in the past and, in all reasonable probability, such medical expenses will continue into the future.

6.2     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has sustained lost wages and/or lost earning capacity in the past and, in all

reasonable probability, such lost earning capacity will continue in the future.

6.3     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has experienced physical pain and suffering in the past and, in all reasonable probability, will sustain physical pain and suffering in the future.

6.4     As a direct and proximate result of the actions and/or omissions of Defendant described herein, Plaintiff has experienced physical impairment or physical incapacity in the past and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

## VII.

## JURY DEMAND

7.1     Plaintiff demands a jury trial and tenders the appropriate fee with this original petition.

## VIII.

## REQUEST FOR DISCLOSURE

8.1     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose in writing to Plaintiff the information and material described under Tex. R. Civ. P. 194 and which are discoverable in this case.

## PRAYER

For the above reasons, Plaintiff asks that Defendant be cited to appear and answer herein, and that upon trial on the merits, Plaintiff be awarded actual damages as alleged and/or proved at trial, together with attorney's fees, pre-and post-judgment interest at the maximum lawful rate, costs of court, and such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,
THE J. HICKS LAW GROUP

*/s/ Jamal Hicks*
**Jamal Hicks**
State Bar No. 24106093
The J. Hicks Law Group
530 Lovett Blvd.
Houston, Texas 77006
Telephone:  (713) 942-9600
Email: jhicks@jhickslawgroup.com

**ATTORNEY FOR PLAINTIFF**

2/14/2022 11:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61711831
By: LISA COOPER
Filed: 2/14/2022 11:21 AM

CAUSE NO. 2022-02584

| | | |
|---|---|---|
| MARBELIA LOPEZ, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A. INC | § | |
| | § | |
| *Defendant.* | § | 157TH JUDICIAL COURT |

## DEFENDANT HOME DEPOT U.S.A., INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COME NOW, Defendant Home Depot U.S.A., Inc. ("Defendant" herein), in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

2.    By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.    Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

1

4.      Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

5.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

6.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

7.      Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

8.      Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

9.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendants have no liability.

10.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendants assert the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of

2

Plaintiff's medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

11.     To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

12.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

13.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

14.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

3

15.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

16.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

17.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

18.     The alleged condition complained of by the Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

4

Respectfully submitted,

Hawkins Parnell & Young, LLP

By:     /s/ Troy D. Helling
        **TROY D. HELLING**
        State Bar No. 24007340
        thelling@hpylaw.com
        **AMY WELBORN**
        State Bar No. 24012853
        awelborn@hpylaw.com
        **TAYLOR R. YETTER**
        State Bar No. 24102672
        tyetter@hpylaw.com
        **REBEKAH BREQUE**
        State Bar No. 24096656
        rbreque@hpylaw.com

        4514 Cole Ave., Suite 500
        Dallas, TX  75205
        (214) 780-5100
        (214) 780-5200 (Fax)
                    -AND-
        2705 Bee Caves Road, Suite 220
        Austin, Texas 78746
        (512) 687-6900
        (512) 687-6990 (Fax)

        **ATTORNEYS FOR DEFENDANT
        HOME DEPOT U.S.A., INC.**

5

CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this the 14th day of February 2022.

Jamal Hicks
The J. Hicks Law Group
530 Lovett Blvd.
Houston, TX 77006
jhicks@jhickslawgroup.com

                                        /s/ Troy D. Helling
                                        Troy D. Helling

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Debbie Maxey on behalf of Troy Helling
Bar No. 24007340
dmaxey@hpylaw.com
Envelope ID: 61711831
Status as of 2/14/2022 12:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jamal Hicks | 24106093 | jhicks@jhickslawgroup.com | 2/14/2022 11:21:27 AM | SENT |
| Amy Catherine Welborn | 24012853 | awelborn@hpylaw.com | 2/14/2022 11:21:27 AM | SENT |
| Troy David Helling | 24007340 | thelling@hpylaw.com | 2/14/2022 11:21:27 AM | SENT |
| Taylor Yetter | 24102672 | tyetter@hpylaw.com | 2/14/2022 11:21:27 AM | SENT |